Case 4:20-cv-04108  Document 5  Filed on 12/15/20 in TXSD  Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 17, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN CARLOS HERNANDEZ, (SPN #02727725) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-20–4108 |
| RICARDO N. GONZALEZ, Defendant. | § § § § | |

**MEMORANDUM ON DISMISSAL**

Juan Carlos Hernandez, an inmate of the Harris County Jail ("HCJ"), sued in December 2020, alleging civil rights violations resulting from a denial of due process. Hernandez, proceeding pro se and in forma pauperis, sues Ricardo N. Gonzalez, court-appointed defense counsel.

The threshold issue is whether Hernandez's claims should be dismissed as frivolous.

**I.    Hernandez's Allegations**

Hernandez states that Gonzalez rendered ineffective assistance on June 10, 2018, August 12, 2019, and September 26, 2019. He claims that Gonzalez tried to coerce him into entering a guilty plea. Hernandez asserts that Gonzalez conspired with Judge Randy Roll of the 179th Judicial District Court of Harris County, Texas to force Hernandez to enter a guilty plea. He complains that Gonzalez withdrew, causing great emotional distress. Hernandez seeks compensatory damages of $30,000.

Online research shows that Hernandez is charged with failure to stop and render aid following an accident causing death in Cause Number 1614810. *See*

https://www.hcdistrictclerk.com/Edocs/Public/search.aspx. Hernandez is scheduled to appear in the 179th Judicial District Court of Harris County, Texas on February 9, 2021.

## II.     Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III.    The Claim Based on Ineffective Assistance of Counsel

Hernandez sues his court-appointed counsel. Hernandez's claims for damages for deprivations of constitutional rights must proceed under 42 U.S.C. § 1983. That statute requires Hernandez to present facts that, if proven, would show that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The conduct of a private person, such as Ricardo N. Gonzalez is not state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Hernandez's claims against Ricardo N. Gonzalez for ineffective assistance of counsel cannot support a damages suit under section 1983 because the attorney is not a state actor. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995) (holding that

actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Hernandez has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law. Hernandez's civil rights claims against Ricardo N. Gonzalez are DISMISSED as frivolous.

## IV.    Conclusion

Hernandez's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Juan Carlos Hernandez (SPN #02727725) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Hernandez seeks habeas relief based on the ineffective assistance of counsel, the Court notes that a writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Hernandez may challenge the ineffective assistance of counsel in a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state court remedies. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions.

The agency having custody of Hernandez will continue to deduct twenty percent of each deposit made to Hernandez's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this Order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on   December 15  , 2020.

*[signature]*
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE